JUSTICE NELSON
specially concurs and dissents.
I concur in the result of our order, but I dissent from the procedural mechanism through which we are granting relief to Torres. I am not satisfied that § 46-21-101, MCA, serves as the authority for this order. By its language, that section of the Montana Code provides a post-conviction remedy from an unconstitutional or unlawful sentence imposed by a court. Here the problem is not from anything which the sentencing court did, but, rather, results from the Sentencing Review Board effectively increasing Torres’ sentence in violation of the Board’s own Rule 17, which prohibits the Board from increasing or reducing a sentence “unless it is deemed clearly inadequate or excessive.” Since the District Court’s sentence was found to be neither inadequate nor excessive, the Board had no jurisdiction to modify the sentence in violation of its own rules.
The Sentence Review Board is appointed by the Chief Justice of the Supreme Court and functions as a review division of this Court. Section 46-18-901(1), MCA. Accordingly, this Court has the responsibility and supervisory authority to insure that its sentence review division complies with the statutes and rules governing the division’s operations in the same manner that we have such responsibility and authority to insure that other boards and commissions appointed by and supervised by this Court act within their jurisdiction and authority. Art. VII, Sec. 2, Mont.Const.
Rule 17, M.R.App.R, codifies this Court’s constitutional power “to hear and determine such original and remedial writs as may be necessary or proper to complete the exercise of its jurisdiction”, and it is on that basis alone, I believe, that we are authorized to correct the unlawful sentence modification by the Sentence Review Board in this case.
Similarly, it was on that basis that we were authorized to enter our July 30, 1996, order in Whitehorn, Cause No. 96-265. While we entered our order in that case on the basis of a petition for postconviction relief, the issue of the procedural mechanism by which the Sentence Review Board’s decision was brought before this Court was not raised or addressed. Our order was correct; the procedural mechanism under which we entered it was not.
In my view, § 46-21-101, MCA, does not contemplate or authorize a petition for postconviction relief from action by the Sentence Review *518 Board. As long as the Board is acting within its jurisdiction and authority under its rules and the applicable statutes, then its decision is final. Section 46-18-905, MCA. There is no appellate review of the Board’s decision either by way of direct appeal or postconviction relief.
By failing to recognize the proper basis on which we are authorized to deal with Torres’ demand for relief (i.e. our discretionary power of supervisory control over the review division of this Court), we are opening up an avenue for routine appellate review of decisions of the Sentence Review Board via postconviction relief — a remedy which is not authorized by any of the governing statutes.
JUSTICE GRAY joins in the concurring and dissenting opinion of JUSTICE NELSON.